STATE

v.

Edward C. ACQUISTO.

No. 92–160–C.A.

Supreme Court of Rhode Island.

Jan. 15, 1993.

James E. O'Neil, Atty. Gen., Jane McSoley, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Paula Lynch Hardiman, Providence, for defendant.

OPINION

PER CURIAM.

This matter was before the Supreme Court on the defendant's appeal from a Superior Court order granting the state's motion to dismiss his application for postconviction relief. We affirm.

The defendant, Edward C. Acquisto, was convicted of first-degree sexual assault in May 1981 and sentenced to life imprisonment. That conviction and sentence were affirmed by this court. *State v. Acquisto*, 463 A.2d 122 (R.I.1983). In December 1989 and 1990 the parole board denied his applications for parole.

In his application for postconviction relief defendant alleged that the parole board acted arbitrarily in denying his requests for parole. He argues that they erroneously applied a fifteen-year rule that was meant to apply only to convictions for homicide, not for sexual assault. The defendant also argues that he was denied due process, that the criteria used in the board's decision were improper and the grounds stated in support of the decision were inadequate.

The parole board denied parole in 1989 because defendant, serving a life sentence since 1981, would not become eligible for parole until he had served at least fifteen years. In 1990 the board ruled again that defendant fell within the guidelines of a life sentence and also that defendant must work his way from maximum security into lesser-confinement status before the board would feel comfortable in paroling him.

This court is of the opinion that the parole board was not acting unreasonably or improperly when it interpreted the fifteen-year rule set out in its guidelines to apply

to all persons serving life sentences not just those persons convicted of murder. The parole board was authorized to adopt parole standards under G.L.1956 (1981 Reenactment) § 13–8–14.1, as enacted by P.L. 1982, ch. 375, § 1. The Rhode Island Parole Board Guidelines subsequently adopted in 1991 provide that "a person convicted and sentenced to prison on a charge of first-degree sexual assault, as defined in [G.L. 1956 (1981 Reenactment)] § 11–37–2, [as amended by P.L.1987, ch. 238, § 1], should serve two-thirds (⅔) of his/her sentence before being considered for parole release."

The administration of the Adult Correctional Institutions through its records office employs a period of thirty years when computing the parole eligibility of an inmate serving a life sentence. The parole board adopts this period also. Since under that consideration the parole board would have been completely justified in ruling that this defendant would not be eligible for parole consideration until twenty years had elapsed, which by clear implication would be two-thirds of the life sentence, defendant cannot show that he has been prejudiced by the parole board's application of the fifteen-year rule.

Although the reasons given by the trial justice were brief, they meet minimum due-process requirements. We conclude that the parole board did not act arbitrarily and the defendant has failed to show that he has been denied any right due to him under either the General Laws or the Rhode Island Parole Board Guidelines. It follows, therefore, that the trial justice's granting of the state's motion to dismiss was warranted.

For these reasons the defendant's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.